### H. J. MASSON et al. *v.* BERTRAND SALOY et al.

A mortgage executed by defendant on property claimed by plaintiff, pending the suit of the latter for its recovery, is without effect against him.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Hamner & Hays*, for plaintiffs. *C. Roselius*, for defendants and appellants.

COLE, J. This is an appeal taken by *B. Saloy*, one of the defendants, from a judgment ordering the erasure of certain mortgages made by *James E. Armor*, on the property of plaintiffs.

*James E. Armor*, pretending to be the sole heir of *Josephine Armor*, deceased, caused himself to be put in possession of the property of her succession, by a judgment of the Second District Court, in April, 1854.

In June, 1854, *Henry J. Masson*, one of the plaintiffs, instituted suit in the Second District Court, as heir of *Mrs. Armor*, and claiming of *James E. Armor* the whole succession, alledging that the said *Armor* held the same fraudulently.

In July, 1855, there was judgment in favor of *H. J. Masson*, recognizing him as one of *Mrs. Armor's* heirs, and declaring *James E. Armor* without any rights to said property.

An appeal was taken by *Armor* from this judgment, and subsequently to the appeal, on account of his inability to justify his security for a suspensive appeal, he abandoned all his pretensions, and made a quit claim, putting plaintiffs in possession of all the estate of *Mrs. Armor*, by notarial act.

Pending the suit of *Masson* v. *Armor*, for the recovery of the estate of *Mrs. Armor*, *James E. Armor* executed two mortgages on certain property belonging to the succession: one on the 20th November, 1854, in favor of *J. McCormick*, the interest of which is now in the defendant, and one on the 10th of January, 1855, in favor of defendant.

As these mortgages were executed on property claimed by *Masson* pending his suit to recover the same, they are without effect so far as he is concerned. C. C. 2427, 2428; *Citizens' Bank* v. *J. E. Armor et al.*, 11 An. 468.

The allegation of fraud and collusion is not sustained by the evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.